747 So.2d 273 (1999)
Gregory T. GREENWOOD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01053-COA.
Court of Appeals of Mississippi.
June 8, 1999.
Rehearing Denied September 7, 1999.
Certiorari Denied December 2, 1999.
*274 Dan W. Duggan, Jr., Brandon, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorneys for Appellee.
BEFORE McMILLIN, C.J., KING, P.J., AND DIAZ, J.
KING, P.J., for the Court:
¶ 1. This criminal appeal was perfected from the conviction of the appellant in the First Judicial District of Hinds County of murder. The appellant seeks reversal of his conviction because the trial court denied his lesser included offense instruction and the insufficiency of the evidence presented against him.

Facts
¶ 2. On January 28, 1998, Paula Thurmond and Yvonne Washington left a Super Bowl party during half-time to purchase snacks. While traveling to their intended destination, Thurmond and Washington encountered a group of young men standing in the street, among them was the appellant, Gregory T. Greenwood.
¶ 3. Washington testified that each of the young men moved out of the street except Greenwood, which caused Thurmond to run her vehicle off the road to avoid hitting him.
¶ 4. During the return trip to the Super Bowl party, Thurmond and Washington, again, encountered the same group of young men. After parking the vehicle at the location of the Super Bowl party, Thurmond was approached by Greenwood who accused her of attempting to run over him with the vehicle and threatened to shoot her. Thurmond denied attempting to hit him with her vehicle and turned her back to Greenwood. One of the Greenwood's friends handed him a gun, and Greenwood shot Thurmond in the back and thigh. The bullet penetrated her superior vena cava which caused her death.
*275 ¶ 5. On May 27, 1998, a Hinds County jury convicted Greenwood as charged. Greenwood was sentenced to serve a life term in the custody of the Mississippi Department of Corrections.
¶ 6. Aggrieved by the conviction and sentence, Greenwood has appealed and assigned the following as error:
1. Whether the trial court erred in denying appellant's lesser included offense instruction, D-10.
2. Whether the trial court erred in failing to grant appellant's motions for directed verdict and judgment notwithstanding the verdict.
Finding no reversible error, we affirm.

Discussion

I. DID THE TRIAL COURT ERR IN DENYING APPELLANT'S LESSER INCLUDED OFFENSE INSTRUCTION?
¶ 7. Greenwood argues the he is guilty of "heat of passion" manslaughter. In support of this argument, Greenwood refers the Court to the testimony of Stephanie Mitchell and Yvonne Washington.
¶ 8. Mitchell testified that during the confrontation with Greenwood, Thurmond asked, "What are you fixing to do?" and then said "[S]hoot me in the back".
¶ 9. Washington testified that words were exchanged between Thurmond and Greenwood prior to the fatal shooting.
¶ 10. Greenwood alleges that, due to his young age[1], he interpreted the words uttered by Thurmond as threats and "reacted to the passions of the moment." According to Greenwood, that evidence was sufficient to warrant the trial court granting his request for a lesser-included-offense instruction on manslaughter. We find this argument to be wholly lacking in merit.
¶ 11. Mississippi Code Annotated § 97-3-35 (Rev.1994) defines manslaughter as "[t]he killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense." "Heat of passion" is defined as:
[A] state of violent and uncontrollable rage engendered by a blow or certain other provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time of some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.
Mullins v. State, 493 So.2d 971, 974 (Miss. 1986).
¶ 12. The test for determining whether a lesser-included-offense instruction should be granted is as follows:
[A] lesser included offense instruction should be granted unless the trial judge-and ultimately this Court-can say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser included offense (and conversely not guilty of at least one essential element of the principal charge).
Harper v. State, 478 So.2d 1017, 1021 (Miss.1985).
¶ 13. There is no evidence in the record that Greenwood acted in the heat of passion. In fact, the evidence indicated that after Thurmond was forced to leave the road to avoid hitting Greenwood, she continued on to her intended destination to buy snacks. Upon their return, Thurmond and Washington noticed three young men running toward them. It was at this time that Greenwood accused Thurmond of attempting to run over him as he walked in the street and threatened to "blow [her] *276 head off." Thurmond, then denied the accusation and turned her back to Greenwood. Greenwood next fired two rounds that killed Thurmond.
¶ 14. The burden to overcome the presumption of murder lies with the defendant. Nicolaou v. State, 534 So.2d 168, 171-72 (Miss.1988). In the case sub judice, Greenwood presented no mitigating evidence from which the jury could infer that Greenwood acted on impulse or in the heat of the moment.[2] The mere "passing of words" between Thurmond and Greenwood is insufficient to reduce the crime to manslaughter. Johnson v. State, 416 So.2d 383, 388 (Miss.1982)("The mere fact that [the decedent] and appellant argued before the shooting would not reduce the crime to manslaughter...."). Finding that the evidence presented during the course of the trial did not entitle Greenwood to a lesser-included-offense instruction, we affirm.

II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTIONS FOR DIRECTED VERDICT AND JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 15. This Court's review of the denial of directed verdicts and judgments notwithstanding the verdict was recently outlined in Coleman v. State, 697 So.2d 777, 787-8 (Miss.1997) as follows:
[T]his Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference [sic] that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required....
¶ 16. Greenwood contends that the evidence in this case does not support the jury's verdict. In the case at bar, eyewitnesses testified that Greenwood accused Thurmond of attempting to hit him with her vehicle as he walked in the street and saw Greenwood shoot Thurmond. This evidence was sufficient for a reasonable jury to convict Greenwood of murder.
¶ 17. The trial judge did not err in denying Greenwood's motions for directed verdict and judgment notwithstanding the verdict.
¶ 18. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE TO SERVE A LIFE TERM IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TO RUN CONSECUTIVELY TO CAUSE 395-2-11, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
¶ 19. McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] Greenwood was sixteen years old at the time of the murder.
[2] Greenwood did not offer any witnesses at trial.