# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 1, 2011

No. 09-10398
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KIM JOE GRAVES, also known as K-Rock, also known as Kim Joe Graves, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1290
USDC No. 3:05-CR-82-4

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kim Joe Graves, federal prisoner # 33646-177, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for conspiracy to (1) possess with intent to distribute and (2) distribute 50 grams or more of a controlled substance. The district court enhanced Graves's sentence pursuant to U.S.S.G. § 4B1.1 based on his prior Texas conviction of delivery of a controlled substance, which it classified as a controlled substance offense. This

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court granted Graves a COA on the issue whether his appellate counsel was ineffective for failing to raise before this court the fact of its decision in *United States v. Gonzales*, 484 F.3d 712 (5th Cir. 2007), which was decided while Graves's direct appeal was pending, concerning this classification of his prior delivery of a controlled substance conviction as a controlled substance offense.

Because counsel did not object concerning this classification at sentencing, review on direct appeal would have been limited to plain error. *See Gonzales*, 484 F.3d at 714. To show plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Under the law at the time that Graves's appeal was decided, his prior conviction of delivery of a controlled substance would not have constituted a controlled substance offense under § 4B1.1 unless the charging documents or jury instructions revealed that the offense did not involve a mere offer to sell. *See Gonzales*, 484 F.3d at 714-16; *see also United States v. Ford*, 509 F.3d 714, 717 n.2 (5th Cir. 2007) (noting that the definition of "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1) that was considered in *Gonzales* and the definition of "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b) for § 4B1.1 enhancement are nearly identical and may be treated as identical for purposes of determining whether an offense meets either definition).

Although *Gonzales* was not decided until Graves's appeal was pending, any error under *Gonzales* still satisfied the "clear or obvious" prong of the plain error test because "it is enough that the error be plain at the time of appellate consideration." *United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005) (internal quotation marks and citation omitted). Furthermore, *Gonzales* itself was decided under the plain error review standard, and relief was granted to the defendant. 484 F.3d at 714, 716 ("[W]e review for plain error since [Gonzales]

2

did not properly preserve his argument below. . . . . [T]he district court erred when it concluded that Gonzales's prior conviction was for a drug-trafficking offense[, and] this error is plain since *Garza-Lopez*[1] makes it clear that offering to sell a controlled substance does not constitute a drug-trafficking offense."). Nothing in the record indicates that the necessary documents were presented to the district court, and the district court's apparent reliance on the presentence report alone in classifying Graves's prior conviction of delivery of a controlled substance as a controlled substance offense under § 4B1.1 constituted error that was clear or obvious.  *See id.* at 274.

Because the 151- to 188-month guidelines range that Graves would have been subject to without the career offender enhancement was significantly lower than the below-guidelines 216-month sentence that the district court imposed, Graves would have satisfied the third prong of the plain-error test.  *See Gonzales*, 484 F.3d at 716 (concluding that Gonzales met his burden on proving that the error affected his substantial rights by showing that the correctly calculated guidelines range was "significantly lower" than the sentence he received). As to the final prong, any such sentencing error seriously affected "the fairness, integrity, or public reputation of judicial proceedings" because it "clearly affected" Graves's sentence. *Id.* (internal quotation marks and citation omitted).  Indeed, the Government here makes no effort to argue that the error was harmless and, instead, concedes that Graves's sentence should be vacated

Because such a plain error argument would have constituted a solid, meritorious argument based on directly controlling precedent and because counsel's filing of a motion to withdraw rather than an appellate brief concerning this issue cannot be the result of any conceivable strategic decision, counsel acted deficiently in failing to raise this issue on appeal or to at least notify this court of the *Gonzales* decision after he had filed his *Anders* brief.  *See Strickland*

---

[1]   *Garza-Lopez* was decided in May of 2005, well before Graves's February 2006 sentencing.

No. 09-10398

*v. Washington*, 466 U.S. 668, 687, 689 (1984).  Graves has shown that he was prejudiced by counsel's failure to raise the issue on appeal because there is a reasonable probability that the result of his appeal would have been different if the issue had been raised.  *See Strickland*, 466 U.S. at 694.  Accordingly, we vacate the judgment of the district court denying Graves's § 2255 motion, and we remand this case to the district court for an order granting Graves's §2255 motion and ordering a vacatur of his sentence and re-sentencing not inconsistent with this opinion.

JUDGMENT VACATED; REMANDED.