# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11814

In re: KIM JOE GRAVES, also known as K-Rock,

Movant

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2017

Lyle W. Cayce
Clerk

Motion for an order authorizing
the United States District Court for the
Northern District of Texas, Dallas to consider
a successive 28 U.S.C. § 2255 motion

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM: [*]

Following the district court's transfer of this case to our court, Kim Joe Graves, federal prisoner # 33646-177, moves for authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his sentence for conspiracy to possess with intent to distribute and to distribute 50 grams or more of a controlled substance. In transferring the case, the district court determined that the § 2255 motion Graves filed in November 2016 was a second or successive § 2255 motion.

As a threshold matter, we must consider whether we have jurisdiction over this case. *See Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012). To have had the authority to transfer Graves's § 2255 case to our court, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11814

court must have lacked jurisdiction to consider Graves's § 2255 motion because it was second or successive. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir.), *cert. denied*, 136 S. Ct. 431 (2015); *Adams*, 679 F.3d at 321. Thus, we first resolve whether the § 2255 motion Graves filed in November 2016 constituted a second or successive § 2255 motion. *See Fulton*, 780 F.3d at 685.

Graves was granted relief on a § 2255 motion he filed in 2008. *See United States v. Graves*, 409 F. App'x 780, 781 (5th Cir. 2011). As a result, the district court vacated his original sentence, resentenced him in July 2011, and issued a second criminal judgment. A § 2255 motion challenging a new, intervening judgment rendered following the grant of an initial § 2255 motion is not successive. *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) (*citing Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010)). "Whether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this [c]ourt's permission, depends on whether a new sentence has been imposed." *Lampton*, 667 F.3d at 588.

Graves's proposed § 2255 motion is his first challenging the new sentence imposed in 2011 and is thus not a second or successive motion within the meaning of § 2255(h). *See id.* Graves therefore does not need to obtain this court's authorization to file his proposed § 2255 motion. *See Magwood*, 561 U.S. at 323-24, 341-42. Moreover, the district court's transfer order was improper, and we lack jurisdiction over the case. *See Adams*, 679 F.3d at 321.

Accordingly, IT IS ORDERED that Graves's motion for authorization to file a second or successive § 2255 motion is DENIED AS UNNECESSARY; the district court's transfer order is VACATED; and the case is REMANDED to the district court for consideration of Graves's § 2255 motion.