# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 18, 2022

Lyle W. Cayce
Clerk

No. 19-60884

In re: Gregory Greenwood,

*Petitioner*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-598

Before Dennis, Elrod, and Duncan, *Circuit Judges*.

Per Curiam:*

In 1998, Gregory Greenwood, Mississippi prisoner # 63128, was convicted of murder and sentenced to life imprisonment. *See Greenwood v. State*, 747 So. 2d 273, 274–75 (Miss. Ct. App. 1999). In 2002, Greenwood filed a previous 28 U.S.C. § 2254 petition, which the district court dismissed as untimely, and this court denied a certificate of appealability.

Greenwood, 16 years old at the time of the murder, was originally sentenced to life without the possibility of parole. Following the decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), Greenwood challenged his sentence in state court. The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60884

State agreed that Greenwood should be resentenced to life with the possibility of parole. In February 2019, the state court entered an "Agreed Order & Judgment" to that effect, vacating Greenwood's original sentence and resentencing him to life with eligibility for parole.

In August 2019, Greenwood again filed a § 2254 petition in the district court. The district court concluded that Greenwood's petition was an unauthorized successive petition and transferred it to this court.

I.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner must obtain authorization from a federal court of appeals prior to filing a "second or successive" habeas petition in federal district court. 28 U.S.C. § 2244(b)(3)(A). The phrase "second or successive" is a term of art that does not apply to all petitions subsequent to an initial petition. *Magwood v. Patterson*, 561 U.S. 320, 331–32 (2010). Instead, the phrase "only applies to a later-in-time petition that challenges the same state-court judgment as an earlier-in-time petition." *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012). Accordingly, the first petition to challenge a new judgment intervening between two habeas petitions is "not 'second or successive' at all." *Magwood*, 561 U.S. at 341–42. "[T]he existence of a new judgment is dispositive." *Id.* at 338. Greenwood argues that the state court's "Agreed Order & Judgment" constitutes a "new judgment" under *Magwood*, and that therefore his current habeas petition is not "second or successive." We agree.

"Whether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this Court's permission, depends on whether a new sentence has been imposed." *Lampton*, 667 F.3d at 588 (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the

2

judgment.")).  Greenwood's § 2254 petition filed in 2002 challenged his conviction and life-without-parole sentence imposed in 1998.  His current petition challenges the life-with-parole sentence imposed by the 2019 state court order.  By its plain language, the effect of the order is clear.  First, the order explicitly vacates Greenwood's prior sentence; it does not purport to merely modify an existing sentence.  *Cf. United States v. Jones*, 796 F.3d 483, 485–86 (5th Cir. 2015) (holding that a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) did not constitute a new sentence under *Magwood*).  Second, the order imposes an entirely new sentence upon Greenwood; it does not reinstate a previous sentence.  *Cf.  In re Hensley*, 836 F.3d 504, 506–07 (5th Cir. 2016) (per curiam) (holding that a reinstated prior sentence did not constitute a new sentence and was therefore not a new judgment under *Magwood*).  Third, the order does not leave the sentence for any count of conviction undisturbed; it imposes a new sentence for Greenwood's sole charge of conviction.  *Cf. Lampton*, 667 F.3d at 589 (finding no new judgment where an order vacated the sentence and conviction of only one count in a multi-count conviction, leaving the sentences of the remaining counts undisturbed).

The dissenting opinion reads *Magwood* and *Lampton* to say that a "new judgment" may arise only from "a successful federal habeas petition." *Post* at 8.  This misunderstands both cases.  *Magwood* turned on the meaning of the words "second or successive" vis-à-vis the petitioner's judgment: a new judgment breaks the "second or successive" chain such that a petition challenging a new judgment is not "'second or successive' at all." *Magwood*, 561 U.S. at 341–42.  This is irrespective of how the new judgment comes about.  The Court's occasional references to a new judgment's resulting from a prior habeas petition—references which primarily occur in the majority's responses to counterarguments—are only accidents of the facts of that case

and the reality that "second or successive" questions only arise when prior federal habeas petitions have been filed.

The dissenting opinion similarly misunderstands *Lampton* by emphasizing the wrong half of its statement that *Magwood*'s rule "applies only when a new sentence was imposed as a result of the first habeas proceeding." *Lampton*, 667 F.3d at 589. The context of this quotation clarifies it. Lampton was sentenced to two life sentences for two separate convictions. *Id.* at 587. Lampton's first habeas petition yielded the vacatur of one of those convictions, but the district court left the other intact. *Id.* Lampton attempted to file a second habeas petition challenging this latter conviction, but this court rightly concluded that because the "sentence on the [conviction] remained intact after the initial § 2255 proceeding was completed," the second petition challenged the same judgment of conviction as the first. *Id.* at 589. Thus, the court emphasized that "the rule announced in *Magwood* applies *only when a new sentence was imposed* as a result of the first habeas proceeding." *Id.* (emphasis added).

Even if the context were not clear, *Lampton* explains that *Magwood* encompasses new judgments generated by other types of post-conviction relief. As an example of a "new judgment," *Lampton* favorably discusses a case from this circuit, *In re Barnes*, in which this court held that a petitioner's second habeas petition was not "second or successive" after the petitioner successfully *moved in state court* for post-conviction relief. *Id.* at 588 (quoting *In re Barnes*, No. 11-30319, slip op. at 2–3 (5th Cir. June 23, 2011)). Following *Magwood*, *Lampton*, and *Barnes*, then, it does not matter how Greenwood's new judgment was obtained.

For the foregoing reasons, we hold that the new sentence imposed by the 2019 "Agreed Order & Judgment" constitutes a new judgment under

No. 19-60884

*Magwood*.  *See Lampton*, 667 F.3d at 588.[1]  Because Greenwood's instant § 2254 petition is his first challenging the new judgment, it is "not 'second or successive' at all." *Magwood*, 561 U.S. at 341–42.  Therefore, Greenwood does not require this court's authorization to proceed.  *Id.*

## II.

The State argues that, notwithstanding the intervening judgment, Greenwood's petition is successive because the petition challenges the original conviction rather than the new sentence.[2]  We rejected a nearly identical argument in *Scott v. Hubert*, 635 F.3d 659, 665–66 (5th Cir. 2011).  In *Scott*, the State similarly proposed a component-based interpretation of the term "judgment" within the context of AEDPA finality, arguing that the

---

[1] This is indeed a new sentence.  The dissenting opinion would apparently concede that Greenwood would have a new sentence if only his parole eligibility were written into the statute of conviction. *Post* at 9–12.  But it makes little difference whether the unavailability of parole is written into the statute of conviction or merely cross-referenced in a parole statute. *Compare Miller v. Alabama*, 567 U.S. 460, 466 (2012) (quoting Ark. Code Ann. § 5-4-104(b) (1997) as follows: "A defendant convicted of capital murder or treason shall be sentenced to death or life imprisonment without parole."), *with Lester Parker v. State*, 119 So. 3d 987, 996 (Miss. 2013) (quoting the then-in-effect parole statute as follows: "[N]o person shall be eligible for parole who is convicted except that an offender convicted of only nonviolent crimes [may be eligible] . . . 'nonviolent crimes' means a felony other than homicide . . . .").  Furthermore, constitutional challenges to a petitioner's sentence—whether on direct or collateral appeal—encompass challenges to the application and effect of state parole statutes. *See, e.g.*, *Lester Parker*, 119 So. 3d at 997 (analyzing the "statutory scheme" of the statute of conviction and the applicable parole statute and holding that the inmate was unconstitutionally sentenced to life without parole in violation of *Miller*).

Moreover, the state court here vacated Greenwood's "mandatory *life-without-parole sentence*" and "*re-sentenced* [him] *to life imprisonment with eligibility for parole*." (emphasis added).  In doing so, it followed the lead of the Supreme Court of Mississippi, which instructed that the proper remedy for *Miller* violations is to vacate the sentence and resentence for either "life imprisonment" or "life imprisonment with eligibility for parole notwithstanding [the applicable parole statute]." *Lester Parker*, 119 So. 3d at 999–1000.

[2] To the extent that circuits have split over this question, the split pre-exists this decision and the answer here is compelled by our precedents.

5

term referred to both a "conviction judgment" and a "sentence judgment." *Id.* We determined that this interpretation ran afoul of the Supreme Court's statement in *Burton*: "[F]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.* (quoting *Burton*, 549 U.S. at 156). Applying *Burton*, we instead held that "the judgment of conviction does not become final within the meaning of [AEDPA] until both the conviction and the sentence have become final . . . ." *Id.* at 666. We treat the conviction and sentence as a single unit.

The State argues that *Scott* is distinguishable because it concerned the term "judgment" within the context of AEDPA finality. We disagree. We generally interpret "identical words used in different parts of the same act . . . to have the same meaning." *Horton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir. 2004) (emphasis omitted). We thus interpret "judgment" consistently as it relates to both finality and successiveness and therefore hold that a conviction and sentence form a single judgment for the purpose of determining successiveness under AEDPA. *E.g.*, *Lampton*, 667 F.3d at 588 ("Whether a new judgment has intervened between two habeas petitions . . . depends on whether a new sentence has been imposed." (citing *Burton*, 549 U.S. at 156 ("Final judgment in a criminal case means sentence. The sentence is the judgment."))). Accordingly, Greenwood's petition is not "second or successive" because it challenges a new, intervening judgment. *Magwood*, 561 U.S. at 341–42.

## III.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

No. 19-60884

Stuart Kyle Duncan, *Circuit Judge*, dissenting:

Greenwood has filed two federal habeas petitions, seventeen years apart, raising identical challenges to his 1998 murder conviction. Yet the majority holds the second petition is not "second or successive" and so Greenwood can file it without our permission. Why? Because, between the two petitions, Greenwood became eligible for parole under *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016). In the majority's view, this means Greenwood has a "new judgment" under *Magwood v. Patterson*, 561 U.S. 320 (2010), which saves his second petition from being successive. *Ante* at 4–5.

I respectfully dissent because *Magwood* does not apply here.

## I.

In *Magwood*, a prisoner filed a second-in-time habeas petition challenging his "sentence, [which was] imposed as part of a resentencing in response to a conditional writ from the District Court." 561 U.S. at 330. The Supreme Court held the second petition was not successive. *Id.* at 331. Why? Because the "resentencing led to a new judgment" and this was "his first application challenging that new judgment." *Ibid.* So, where "there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive.'" *Id.* at 341–42 (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2010)). Applying *Magwood*, we have held that "[w]hether a new judgment has intervened between two habeas petitions . . . depends on whether a new sentence has been imposed." *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) (citing *Burton*, 549 U.S. at 156).

*Magwood* does not apply here for two reasons.

No. 19-60884

## A.

First, even assuming Greenwood's parole eligibility means he now has a "new sentence," that state of affairs did not result from his prior federal habeas petition. This forecloses applying *Magwood* under our case law. In *Lampton*, we held "*Magwood* applies only when a new sentence was imposed *as a result of the first habeas proceeding.*" *Id.* at 589 (emphasis added); *see also id.* at 587–88.[1] But Greenwood's parole eligibility did not come about this way—"as a result of [his] first habeas proceeding." *Id.* at 589. To the contrary, following *Miller* and *Montgomery*, Greenwood moved in state court for post-conviction relief. The State had no objection and so the court entered an "Agreed Order & Judgment," which, as explained *infra*, merely nullified application of the Mississippi parole-ineligibility statute. Because this change in circumstances did not arise from a successful federal habeas petition, Greenwood does not have a "new judgment" under *Magwood* and his second petition is therefore successive.

---

[1] Other courts have recognized *Lampton*'s restriction on *Magwood*, as well as a leading habeas treatise. *See Harper v. Sanders*, 503 F. App'x 564, 568 (10th Cir. 2012) (discussing *Lampton* and observing "all the cases cited in support of [*Magwood*'s] holding involved habeas applicants whose first petition was granted"); *Hermansen v. White*, No. 13-103-HRW, 2014 WL 4182453, at *6 (E.D. Ky. Aug. 21, 2014); *Myers v. Cain*, No. 10–4496, 2012 WL 5450046, at *6 (E.D. La. Nov. 7, 2012); Brian R. Means, Federal Habeas Manual [Means] §§ 9A:18, 11:47, 27:10 Westlaw (database updated May 2021).

The majority's reference to *In re Barnes*, No. 11-30319, 2011 U.S. App. LEXIS 26753 (5th Cir. June 23, 2011), an unpublished decision that predates *Lampton*, is unavailing. *Ante* at 4. Having observed the new sentence in *Barnes* arose from a state-court motion, *Lampton* clearly intended to limit *Magwood*'s reach. *See Lampton*, 667 F.3d at 587–90. After *Lampton*, we have never permitted a second petition that resulted from a proceeding other than a prior, successful habeas petition. *See In re Graves*, 678 F. App'x 217 (5th Cir. 2017) (per curiam); *In re Hickman*, No. 16-40640 (5th Cir. Aug. 12, 2016) (per curiam); *In re Sherrick*, No. 16-30535 (5th Cir. June 13, 2016) (per curiam).

No. 19-60884

## B.

Second, Greenwood's newfound parole eligibility does not equate to a "new sentence," so he cannot have a "new judgment" under *Magwood*. Contrary to the majority's view, Greenwood was originally sentenced to "life imprisonment," not "life without the possibility of parole." *Ante* at 1. Greenwood's murder conviction, *see* Miss. Code Ann. § 97-3-19(1), carries a mandatory sentence of "imprisonment for life," *id.* § 97-3-21(1).[2] "Section 97–3–21 neither mandates, nor makes any provision allowing for, a sentence of 'life without the possibility of parole.'" *Lester Parker v. State*, 119 So.3d 987, 996–97 (Miss. 2013).[3] Rather, state parole statutes determine parole eligibility. *See* Miss. Code Ann. § 47-7-3(f); *Lester Parker*, 119 So.3d at 997. Those statutes "appl[y] only to the internal operating procedures of the Department of Corrections and the prisons and do[] not affect a judge's sentencing prerogative under the criminal statutes." *Fernando Parker v. State*, 30 So.3d 1222, 1228 (Miss. 2010). Thus, however "[t]he legislative mandates"

---

[2] *See also Greenwood v. State*, 747 So.2d 273, 2775 (Miss. Ct. App. 1999) (emphasis added) ("Greenwood was sentenced to serve *a life term* in the custody of the Mississippi Department of Corrections."); *Greenwood v. Johnson*, No. 3:02-cv-64, slip op. at 1 (S.D. Miss. Apr. 1, 2002) (emphasis added) (noting sentence of "*life imprisonment* in the custody of the Mississippi Department of Corrections"); 28 U.S.C. § 2254 Petition at 1, *Greenwood*, No. 3:02-cv-64 (Jan. 22, 2002), ECF No. 1 [hereinafter Petition] (petition: "Length of sentence LIFE"); *id.* at 10 (emphasis added) (supporting brief: "sentenced to a term of *life imprisonment*"); *id.* at 27 (state-court docket sheet: sentence of "LIFE"); *id.* at 31 (state-court sentencing form: "sentenced to serve a term of: LIFE in the custody of . . . the MS Department of Corrections"); *see also* O.A. Rec. at 14:25–15:06, *available at* https://www.ca5.uscourts.gov/OralArgRecordings/19/19-60884_2-4-2021.mp3.

[3] *See ibid.* (explaining Mississippi "courts have not been empowered by the Legislature to sentence a [murder] defendant to life without parole"); *Fernando Parker v. State*, 30 So.3d 1222, 1227–28 (Miss. 2010) (reversing sentence of "life imprisonment without parole" for murder conviction as "exceed[ing] the statutory maximum" because section 97-3-21(1) permits "a sentence of only imprisonment for life").

No. 19-60884

applied to Greenwood's parole eligibility, *Lester Parker*, 119 So.3d at 997, no court *sentenced* him to "life without parole." He was sentenced to life, period.

And that same mandatory life sentence was reimposed on Greenwood in the "Agreed Order & Judgment." To be sure, the order also recognizes that Greenwood is now eligible for parole "notwithstanding" the parole statutes. But he still has the same "sentence" under Mississippi law. Because Greenwood's original life sentence was never invalidated and no new sentence was imposed, *Magwood* is inapposite.[4]

It is true that the agreed order says the State "VACATED" Greenwood's original sentence and "RE-SENTENCED" him. But we are not bound by those labels.[5] Instead, we "consider the impetus and effect of the [agreed order]." *United States v. Emeary*, 773 F.3d 619, 622 (5th Cir. 2014) (citation omitted). Its impetus and effect were to impose the same life sentence while making Greenwood eligible for parole under the parole statutes. And that was merely "a stopgap mechanism to annul application of Section 47–7–3(1)([f])" because the legislature had not yet amended the statute to comport with *Miller* and *Montgomery*. *Lester Parker*, 119 So.3d at 998–99.[6]

---

[4] *See In re Hensley*, 836 F.3d 504, 506–07 (5th Cir. 2016) (per curiam) (finding no new sentence where "the court vacated [the prisoner's] habitual-offender life sentence while simultaneously reimposing [his] original sixty-year sentence," "which ha[d] never been invalidated"); *see also Lampton*, 667 F.3d at 589–90 (finding *Magwood* inapplicable where the court entered a new judgment vacating life sentence on one count but left life sentence on second count undisturbed because the prisoner was "still serving the same life sentence" and "[n]o new sentence was imposed").

[5] *See, e.g.*, *La. Envt'l Action Network v. City of Baton Rouge*, 677 F.3d 737, 744 (5th Cir. 2012); *Save Our Cemeteries, Inc. v. Archdiocese of New Orleans, Inc.*, 568 F.2d 1074, 1077 (5th Cir. 1978); *cf. Carpenter v. Shaw*, 280 U.S. 363, 367–68 (1930); *Bath v. United States*, 480 F.2d 289, 292 (5th Cir. 1973).

[6] Indeed, after the agreed order in this case, the Mississippi Supreme Court held that "it is error for our trial courts to vacate a juvenile's original life-without-parole

10

No. 19-60884

Thus, the agreed order's effect bears no kinship to the "resentencing" that results in a "new judgment" under *Magwood*. The state court in *Magwood* "conducted a full resentencing" and a "complete and new assessment of all of the evidence, arguments of counsel, and law." 561 U.S. at 326, 339. That did not happen here. The State merely "conferred" with Greenwood, "ha[d] no objection" to his requested relief, and, along with his counsel, signed the agreed order. "This procedure does not in any way resemble a full resentencing." *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015).[7]

That procedure was also entirely consistent with *Montgomery* itself. *Montgomery* recognized states need not "relitigate sentences . . . in every case where a juvenile offender received mandatory life without parole" and "may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." 577 U.S. at 212 (citation omitted). That is precisely what the agreed order did here, and it means Greenwood does not now have a "new judgment" under *Magwood*.

_____

sentence (or life sentence) before conducting a *Miller* hearing. Neither *Miller* nor *Montgomery* mandate this." *Wharton v. State*, 298 So.3d 921, 928 (Miss. 2019).

[7] *See also Hensley*, 836 F.3d at 506–07 (finding no new sentence where "the reinstatement of [the prisoner's] original sentence . . . did not result in anything that 'resemble[d] a full resentencing'" (quoting *Jones*, 796 F.3d at 486)); *United States v. Garza*, 624 F. App'x 208, 212 (5th Cir. 2015) (per curiam) (finding "ministerial task" of reentering judgment after permitting an out-of-time appeal "did not constitute a resentencing or new sentence"); *Jones*, 796 F.3d at 484, 486 (finding sentence "modification" under 18 U.S.C. § 3582(c)(2) pursuant to an "Agreed Motion for Reduction of Sentence" was not a new sentence because, *inter alia*, the district court left "undisturbed the findings and calculations that formed the recommended sentencing range"); *In re Parker*, 575 F. App'x 415, 419 (5th Cir. 2014) (per curiam) (holding amended judgment to "correct[]" and shorten terms of supervised release did not trigger *Magwood* because, *inter alia*, "[t]here was no need for the district court to make any reassessment of the sentencing evidence or law" and "[t]he amended judgment [wa]s not the result of a new proceeding or resentencing").

No. 19-60884

In short, the majority errs by finding Greenwood has a "new sentence and a new judgment" under *Magwood*. I would instead conclude that Greenwood's latest section 2254 petition, which challenges his conviction on the same grounds as his first petition, is successive. *See* 28 U.S.C. § 2244(b).

## II.

Because *Magwood* does not apply, we need not decide whether it permits Greenwood to challenge his original conviction. *Magwood* expressly avoided deciding that question. *See* 561 U.S. at 342 (declining to decide whether its "reading of § 2244(b) would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction"). Yet the majority, silently taking sides in a developing circuit split, decides Greenwood may do so.[8]

This is likely an unwarranted extension of *Magwood*. Unlike the second petition in *Magwood*, Greenwood's second petition raises the same claim as his first and is therefore an abuse of the writ.[9] *Magwood* itself stressed

---

[8] *See* MEANS § 9A:18 ("Lower courts have split over this unanswered question."). *Compare In re Gray*, 850 F.3d 139, 144 (4th Cir. 2017), *and King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015), *and Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014), *and In re Brown*, 594 F. App'x 726, 729 (3d Cir. 2014) (per curiam), *and Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir. 2012), *and Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010) (holding "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both"), *with Burks v. Raemisch*, 680 F. App'x 686, 691 (10th Cir. 2017), *and Suggs v. United States*, 705 F.3d 279, 280 (7th Cir. 2013) (holding "a second-in-time motion filed under 28 U.S.C. § 2255 is barred as 'second or successive' when a prisoner has been resentenced pursuant to a successful first section 2255 motion, and the new motion challenges only the underlying conviction, not the resentencing").

[9] *See Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020); 2 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE §§ 28.1, 28.2[b], 28.4, LexisNexis (database updated Dec. 2020).

12

that the errors the prisoner alleged in his second petition were "*new*." 561 U.S. at 339. And seven justices agreed that the term "second or successive" incorporates the pre-AEDPA abuse-of-the-writ doctrine. *United States v. Buenrostro*, 638 F.3d 720, 724 (9th Cir. 2011) (per curiam) (citations omitted).[10] So, I doubt *Magwood* saves Greenwood's abusive petition from being successive. *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1285 (11th Cir. 2014) (Fay, J., concurring).

Instead of grappling with this problem, the majority cites *Scott v. Hubert*, 635 F.3d 659 (5th Cir. 2011), for the proposition that a "sentence" and "judgment" cannot be analytically separate under AEDPA. *Ante* at 5–6. I am not persuaded. *Scott* concerned finality; there is no reason to apply it to this different area of AEDPA. The majority invokes the presumption of consistent usage, *ante* at 6, but that presumption "readily yields to context, and a statutory term may mean different things in different places." *King v. Burwell*, 576 U.S. 473, 493 n.3 (2015) (internal quotation marks and citation omitted).[11] Context rebuts any presumption here. In assessing "what qualifies as second or successive," the Supreme Court "look[s] for

---

[10] *Compare Magwood*, 561 U.S. at 337–38 (Part IV.B, plurality opinion) (arguing the dissent "errs by interpreting the phrase 'second or successive' by reference to our longstanding doctrine governing abuse of the writ"), *with id.* at 343 (Breyer, J., concurring) (explaining *Magwood*'s "new judgment" holding is consistent with abuse-of-the-writ doctrine), *and id.* at 344–45 (Kennedy, J., dissenting) (arguing "a second-in-time application that seeks to raise the same claim [raised in a prior application] is barred as 'second or successive' . . . consistent with pre-AEDPA cases applying the abuse-of-the-writ doctrine").

[11] Besides, section 2244(b) does not even contain the word "judgment." Rather, "judgment" in section 2254(b)(1) informs the meaning of "second or successive" and "application" in section 2244(b). *See Magwood*, 561 U.S. at 332 ("The limitations imposed by § 2244(b) apply only to a 'habeas corpus application under section 2254,' that is, an 'application for a writ of habeas corpus on behalf of a person in custody pursuant to the *judgment* of a State court.'" (quoting 28 U.S.C. § 2254(b)(1))).

guidance" in abuse-of-the-writ doctrine. *Banister v. Davis*, 140 S. Ct. 1698, 1705–06 (2020). A later-in-time petition is successive if it "would have constituted an abuse of the writ, as that concept is explained in [the Court's] pre-AEDPA cases." *Ibid.* (cleaned up). "Congress passed AEDPA against th[e] [abuse-of-the-writ] legal backdrop, and did nothing to change it." *Id.* at 1707 (rejecting the notion that AEDPA "redefine[d] what qualifies as a successive petition").

In sum, the majority's extension of *Magwood* has "the odd effect of interpreting AEDPA to relax limits on successive claims beyond the pre-AEDPA [abuse-of-the-writ] standards." *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013). But it is unlikely "Congress, in enacting a statute aimed at placing new restrictions on successive petitions, would have intended this irrational result." *Magwood*, 561 U.S. at 356 (Kennedy, J., dissenting).

I respectfully dissent.