# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2345

_____

Charlotte Klingler; Charles Wehner;    *
Shelia Brashear,    *
    *
        Appellees,    *
    *  Appeal from the United States
    v.    *  District Court for the Western
    *  District of Missouri.
Director, Department of Revenue,    *
State of Missouri,    *
    *
        Appellant.    *

_____

Submitted: September 13, 2005
Filed: January 17, 2006

_____

Before WOLLMAN, ARNOLD, and MELLOY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

This is our third pass at this case, which requires us to decide whether the State of Missouri violated the American with Disabilities Act (ADA) by charging an annual fee for the use of windshield placards that allow disabled people to park in reserved spaces. The plaintiffs, disabled persons who have purchased the placards, claim that the fee is a discriminatory surcharge prohibited by the ADA and its regulations. In our first opinion, we held that the eleventh amendment barred the plaintiffs from seeking monetary damages, but that they could pursue declaratory and injunctive relief against the state. *Klingler v. Director, Dep't of Revenue*, 281 F.3d 776, 777 (8th

Cir. 2002) (per curiam) (*Klingler I*). In our second opinion, after the district court[1] on remand entered summary judgment in favor of the plaintiffs, we reversed, holding that the commerce clause did not authorize Congress to prohibit states from collecting such fees. *Klingler v. Director, Dep't of Revenue*, 366 F.3d 614, 617-20 (8th Cir. 2004) (*Klingler II*). The plaintiffs petitioned for review of that decision by the Supreme Court, which granted *certiorari*, vacated our judgment, and remanded the case for reconsideration in light of *Tennessee v. Lane*, 541 U.S. 509 (2004), and *Gonzales v. Raich*, 125 S. Ct. 2195 (2005). *Klingler v. Director, Dep't of Revenue*, 125 S. Ct. 2899 (2005) (mem.).

Missouri has now abandoned its constitutional challenge, leaving us with only one issue to resolve, namely, whether Missouri's collection of the annual fee for the parking placards is a discriminatory surcharge. We conclude that it is and affirm.

I.

As we recounted in a previous opinion, Missouri has enacted a statutory scheme under which political subdivisions and private businesses may reserve parking spaces close to the entrances of buildings for use by physically disabled people. *See Klingler II*, 366 F.3d at 616. In order to park in these spaces lawfully, a vehicle must display either a specially marked license plate, *see* Mo. Rev. Stat. § 301.142.7, or a removable windshield placard, *see* Mo. Rev. Stat. §§ 301.142.8, 301.142.10. Mo. Rev. Stat. § 301.143.4. Although the special license plates are available to qualified vehicle owners at no extra charge, *see* Mo. Rev. Stat. § 301.142.9, Missouri collects a fee for the windshield placards. When the plaintiffs filed this action, the fee was $2.00 per year, *see Klingler II*, 366 F.3d at 616; it has since been changed to a $4.00 biennial fee, *see* Mo. Rev. Stat. § 301.142.11.

---

[1]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, sitting by consent of the parties. *See* 28 U.S.C. 636(c); *see also* Fed. R. Civ. P. 73.

The plaintiffs moved for summary judgment in the district court, arguing that Missouri's collection of the fee for the windshield placards violated Title II of the ADA and a regulation promulgated pursuant to the ADA. The ADA authorizes the Department of Justice to promulgate regulations to implement and enforce the ADA. 42 U.S.C. § 12134(a). Among those regulations is 28 C.F.R. § 35.130(f), which prohibits public entities from placing "a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures ... that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part." *Id.*

The district court granted the plaintiffs' motion for summary judgment, agreeing that Missouri's collection of fees in exchange for the placards constituted a discriminatory surcharge. The court concluded that the reservation of parking spaces close to entrances of building was necessary to provide the access that the ADA required, and that providing removable placards ensured that disabled people could use the spaces. We review the district court's grant of summary judgment *de novo*. *Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005).

II.

Missouri, having abandoned its constitutional arguments, advances only one defense to the plaintiffs' claims: it contends that the placard program is not required by the ADA, but instead is simply a "special" benefit offered to disabled individuals. If this were true, the ADA would not prohibit Missouri from charging those who use the placards, because the fee would not be imposed to cover measures "that are required to provide that individual or group with the nondiscriminatory treatment required by the [ADA]," 28 C.F.R. § 35.130(f). We begin, then, by determining what the ADA and its regulations require from Missouri with respect to disabled parking.

The separate titles of the ADA focus on separate types of conduct: Title I prohibits discrimination in employment against qualified individuals with disabilities.

-3-

*See* 42 U.S.C. § 12112. Title II prohibits "public entities" from excluding disabled individuals from or denying them the benefits of programs, activities, or services, and from otherwise discriminating against them. *See* 42 U.S.C. § 12132. Title III prohibits discrimination or the denial of "full and equal enjoyment" of goods, services, and other benefits provided by "places of public accommodation" operated by private entities. *See* 42 U.S.C. §§ 12181(6), (7), 12182. The ADA's definition of a "public entity" includes "any State or local government." 42 U.S.C. § 12131(1)(A). It is plain that Missouri qualifies as a "public entity" for purposes of the ADA and that as a result it is bound by Title II of the Act.

Neither the ADA nor its regulations specifically require states to offer removable parking placards to disabled individuals: Title II itself forbids only exclusion from or discrimination in the "services, programs, or activities of a public entity." 42 U.S.C. § 12132. The regulations enacted pursuant to Title II also employ broad language, requiring each service, program or activity, "when viewed in its entirety," to be "readily accessible." 28 C.F.R. § 35.150(a). Rather than imposing a uniform, one-size-fits-all method of compliance, the regulations provide flexibility by authorizing a variety of ways for public entities to provide accessibility to disabled people. *See* 28 C.F.R. § 35.150(b).

While the ADA and its regulations do not specifically require Missouri to maintain a placard system, they do anticipate the use of reserved parking spaces near the entrances to buildings that have parking lots open to the public. *See, e.g.*, ADA Accessibility Guidelines for Buildings and Facilities, Appendix A to 28 C.F.R. Ch. I, Pt. 36, at § 4.6.2; 28 C.F.R. § 35.151(c). The commentary accompanying these regulations, moreover, states that "a public entity should provide an adequate number of accessible parking spaces in existing parking lots or garages over which it has jurisdiction." 28 C.F.R. Ch. I, Pt. 35, Nondiscrimination on the Basis of Disability in State and Local Government Services, 56 Fed. Reg. 35,694, 35,710 (July 26, 1991), *reprinted in* Appendix A to 28 C.F.R. Ch. I, Pt. 35; *see also* Americans with

-4-

Disabilities Act Title II Technical Assistance Manual, at § 5.4000. These agency interpretations, which are entitled to some deference, *see TeamBank, N.A. v. McClure*, 279 F.3d 614, 619 n.4 (8th Cir. 2002), recognize that some disabled people will find it difficult, if not impossible, to gain access to public facilities safely if they do not have enough room to unload a wheelchair from their vehicle, or if they must traverse the full length of a parking lot.

Missouri's legislature has also recognized that reserved parking spaces help ensure access to disabled people. The state has authorized governments and private business to reserve parking spaces for use by disabled persons. *See* Mo. Rev. Stat. § 301.143.2. These reserved spaces must meet the design requirements of the ADA and its related regulations. Mo. Rev. Stat. § 301.143.5; *see* 28 C.F.R. § 36.304(a), (b)(18). As we have said, Missouri has taken steps to assure the availability of reserved spaces by requiring any person who parks in them to display either a specially marked license plate or the removable placard. *See* Mo. Rev. Stat. §§ 301.142.7, 301.142.8, 301.142.10. Those who fail to display a placard or a license plate are subject to a fine of up to $300, and their vehicle may be towed. Mo. Rev. Stat. § 301.143.4.

Missouri contends that by providing disabled residents the option of obtaining specially marked license plates at no additional cost, it has satisfied the ADA's requirements. We disagree. Not all disabled individuals own cars: some rely upon friends and family for transportation, while others may borrow or rent vehicles from time to time. *See Klingler II*, 366 F.3d at 619. Missouri's statutes limit the availability of the special license plates to non-disabled individuals; only the owners of vehicles "operated at least fifty percent of the time by a physically disabled person" or "used to primarily transport physically disabled members of the owner's household" may obtain the plates. Mo. Rev. Stat. § 301.142.7. When a disabled person drives or rides in a vehicle belonging to an individual who does not meet these requirements, the removable placard is necessary to permit parking in a reserved space.

Nor do we believe that Missouri can impose fees for the placards on the basis that the placard system itself is not "required" by the ADA. It is possible that Missouri could comply with the ADA's requirements without issuing removable placards; as we have noted, the ADA purposely offers public entities flexibility in meeting the Act's standard for program access. This flexibility, however, cannot be used to render meaningless the surcharge prohibition in § 35.130(f). Although no particular method of providing access may be required, Missouri is obligated under Title II to make government services, programs, and activities readily accessible to disabled individuals. However Missouri chooses to meet this obligation, it must comply with § 35.130(f). We think that a program is "required," as that word is used by the statute, if in fact it discharges an obligation imposed by the ADA. Missouri has elected to use parking placards to ensure that disabled people have access to government programs. Having made that decision, Missouri is prohibited from imposing a surcharge on disabled people for placards that are necessary to use reserved parking spaces.

We note that the placard program not only helps Missouri meet its own Title II obligation to make government programs accessible, it also helps private entities meet their obligations under Title III to provide "full and equal" accommodations to disabled persons. *See* 42 U.S.C. § 12182. This is because the placards are required to park in reserved spaces at private facilities. *See* Mo. Rev. Stat. § 301.143.2. Although the ADA and its implementing regulations do not require Missouri to police reserved spaces set aside by private businesses, we think that its decision to do so obligates it to provide the spaces free of charge. The relevant regulation prohibits Missouri from levying a surcharge to cover the cost of any measure required "by *the Act* or this part." 28 C.F.R. § 35.130(f) (emphasis added). It does not distinguish between Title II and Title III obligations, but prohibits public entities from singling out the disabled to pay the cost of any ADA compliance efforts.

This makes sense. If the surcharge prohibition applied only to the costs incurred by a public entity fulfilling its Title II obligations, a public entity could relieve private entities of the costs of Title III compliance by voluntarily assuming those costs and then passing them on to disabled people. We do not read the regulation to permit the State of Missouri, say, to install wheelchair ramps, elevators, and accessible bathroom fixtures at a department store, and then recoup those costs through a surcharge on disabled people. It likewise does not permit the State of Missouri to charge disabled people for a placard that is necessary to park in reserved spaces at both government and private facilities.

Rather than distributing the cost of ensuring accessible parking among all of its citizens, Missouri's scheme imposes a fee upon those disabled persons who require the removable placards. We conclude that this is a surcharge that violates § 35.130(f). In doing so, we join a number of courts that have invalidated similar fee-for-placard systems in other states. *See Dare v. California*, 191 F.3d 1167, 1172-73 (9th Cir. 1999), *cert. denied*, 531 U.S. 1190 (2001); *Thompson v. Colorado*, 29 F. Supp.2d 1226, 1232 (D. Colo. 1998), *vacated on other grounds*, 278 F.3d 1020 (10th Cir. 2001); *Thorpe v. State of Ohio*, 19 F. Supp.2d 816, 824-25 (S.D. Ohio 1998).

Because Missouri's collection of the fee for removable placards violates § 35.130(f), we affirm the district court's judgment granting the plaintiffs' request for declaratory and injunctive relief.

## III.

The plaintiffs ask us to reinstate their monetary claim, in light of the Supreme Court's instruction to reconsider this case in light of *Lane*. Our previous rejection of the plaintiffs' monetary claim was based upon our decision in *Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th Cir. 1999) (en banc). *See Klingler I*, 281 F.3d at 777. Another panel of this court has already had the opportunity to reconsider *Alsbrook* in light of *Lane*. In *Bill M. ex rel. William M. v. Nebraska Dep't of Health and Human*

*Servs. Finance and Support*, 408 F.3d 1096, 1100 (8th Cir. 2005), the panel determined that *Alsbrook* remained good law except when a plaintiff alleges that he or she has been denied access to the courts. Because we are unable to discern any basis for distinguishing the instant case from *Bill M.*, and because we are bound by that holding, we decline the plaintiffs' invitation to reinstate their claim for monetary damages.

## IV.

For the reasons stated, we affirm the district court's grant of the plaintiffs' summary judgment motion and its award of declaratory and injunctive relief, and we remand the case to the district court for entry of a judgment consistent with this opinion.

_____