# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2008

Charles R. Fulbruge III
Clerk

No. 06-51534
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES DOUGLAS MESSERVEY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CA-467
No. 5:98-CR-00155

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Douglas Messervey, federal prisoner # 88505-080, is appealing the dismissal of his 28 U.S.C. § 2255 motion as time barred. The Government has filed a motion to remand to the district court for reconsideration in light of the intervening Supreme Court decision in Burton v. Stewart, 127 S. Ct. 793 (2007).

Messervey was convicted following a jury trial of five counts of mail fraud and two counts of money laundering and was sentenced to 220 months in prison and ordered to pay fines and restitution. Messervey appealed, and the court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmed his conviction, but vacated the sentence imposed and remanded for resentencing. Prior to resentencing, the Government applied for a turnover order seeking to sell property seized from Messervey to cover his indebtedness. The district court granted the Government's application and denied Messervey's motion for return of his property. On June 2, 2005, Messervey was resentenced to 125 months in prison, and he filed a timely notice of appeal from his conviction and sentence and also from the turnover order. We affirmed the district court's judgment on May 24, 2006.

On May 30, 2006, Messervey filed a 28 U.S.C. 2255 motion challenging only his conviction, not his resentencing. Relying on Rainey v. Secretary for Department of Corrections, 443 F.3d 1323 (11th Cir. 2006), the district court dismissed the motion as untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA), finding that because Messervey had raised claims related only to his original conviction, the limitations period ran from the date that the original conviction became final and not from the date that the resentencing became final.

Section 2255 provides that the statute of limitations is calculated from "the date on which the judgment of conviction becomes final." However, it does not define when a judgment of conviction becomes final for purposes of the limitation period. See United States v. Thomas, 203 F.3d 350, 351-52 (5th Cir. 2000). This court has not previously determined when a conviction becomes final for limitation purposes under the AEDPA if the conviction is affirmed, but the case is remanded for resentencing. However, subsequent to the district court's dismissal in this case, the Supreme Court provided guidance on this issue in Burton.

The issue in Burton was whether the petitioner's habeas petition should be dismissed as an unauthorized successive petition pursuant to 28 U.S.C. § 2244(b). 127 S. Ct. at 794. Burton was initially convicted and sentenced in 1994. Id. at 795. He was resentenced in 1998. Id. Burton filed his initial

federal habeas petition while state court review of his sentence was pending, and it was denied. Id. After his state sentencing challenge was rejected, he filed another federal habeas petition in 2002, contesting the constitutionality of his 1998 sentence. Id. at 796. The district court denied the petition, but rejected the State's assertion that the petition was successive. Id. The Ninth Circuit affirmed. Id. However, the Supreme Court determined that the petition should have been denied as successive. Id.

The Court addressed the Antiterrorism and Effective Death Penalty Act (AEDPA) limitations period in response to the petitioner's argument that if he had delayed filing his first petition until the state court had completed review of his sentencing claims following the resentencing, his challenge to his conviction in federal court may have been barred by the one-year limitation period. Id. at 798. Burton rejected this argument, determining that the limitation period did not begin to run until both the conviction and sentence became final by the conclusion of direct review or the expiration of time for seeking such review. Id. at 798-99.

In Ferreira v. Sec'y, Dep't of Corrections, 494 F.3d 1286, (11th Cir. 2007), the Eleventh Circuit overruled its decision in Rainey and determined that the one-year statute of limitations period . . . runs from the date the conviction became final, regardless of when the petitioner's corrected sentence became final." 494 F.3d at 1287-88, 1292-93. Relying on Burton, Ferreira held that the limitations period begins to run on the date when both the conviction and sentence the petitioner is serving becomes final. Id. at 1288.

In light of Burton, we hold that in cases in which a defendant's conviction is affirmed on appeal but the case is remanded for resentencing, the defendant's conviction becomes final for limitations purposes under the AEDPA when the both the conviction and sentence become final by the conclusion of direct review or the expiration of time for seeking such review.

Because Messervey filed his § 2255 motion within one year of the appeal from the judgment on his resentencing becoming final, his motion was timely filed. Therefore, the district court erred in dismissing the motion as time-barred. The motion of the Government is GRANTED, the district court's judgment is VACATED, and the case is REMANDED for the consideration of Messervey's claims raised in his § 2255 motion. The Government's alternative motion for an extension of time to file a brief is DENIED as moot.