**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 11, 2011

Lyle W. Cayce
Clerk

No. 10-30704
Summary Calendar

MICHAEL CUMMINGS,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-728

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:*

Petitioner-Appellant Michael Cummings, Louisiana prisoner # 229076, was convicted in 2001 of possession of cocaine in excess of 200 grams but less than 400 grams (Count 1), possession with intent to distribute cocaine (Count 2), and distribution of cocaine (Count 3). *See State v. Cummings*, 2010 WL 3526473 at *1 (La. App. Sept. 10, 2010) (unpublished; discussing procedural history and affirming conviction and sentence as to Count 3).  For Count 1, Cummings was sentenced as a habitual offender to life imprisonment at hard

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

labor without benefit of probation, parole, or suspension of sentence. *Id.* For reasons not apparent from the record on appeal , Cummings was not sentenced at that time for Counts 2 and 3. *Id.*

The conviction and sentence for Count 1 was affirmed on September, 26, 2003. *Id.* (*citing State v. Cummings*, 855 So. 2d 435 (La. App. Sept. 26, 2003) (unpublished), *petition for cert. and/or review denied*, 872 So. 2d 511 (La. May 14, 2004) (unpublished)). Count 2 was ultimately dismissed on double jeopardy grounds, and Cummings was finally sentenced on Count 3 in 2009 to a five-year term of imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. *Id.*

On September 3, 2009, prior to the date when the conviction and sentence for Count 3 was affirmed, Cummings filed the instant habeas corpus application. Cummings suggested that his claims challenging his convictions and sentences for Counts 1 and 3 were "intertwined." He indicated that he wished to stay the proceedings to enable him to exhaust all of his claims. The magistrate judge ordered Cummings to move to dismiss his unexhausted claims. Cummings did so, and the motion was granted by the district court. The district court then determined that Cummings's remaining claims, those challenging his conviction and sentence for Count 1, were time barred.

A one-year limitations period applies to federal habeas applications filed by state prisoners. 28 U.S.C. § 2244(d)(1). Except in circumstances not applicable in this case, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). We granted a certificate of appealability (COA) on whether the judgment as to Count 1 did not become final for purposes of the federal limitations period until the expiration of the direct appeal period following Cummings's sentencing for Count 3. *Cummings v. Cain*, No. 10-30704 (5th Cir., Apr. 21, 2011) (unpublished; single-judge order).

No. 10-30704

The habeas applicant in *Scott v. Hubert*, 635 F.3d 659, 661 (5th Cir. 2011), *petition for cert. filed* (June 7, 2011), was convicted of multiple counts, but his sentence as to one of those counts was not finally determined until a later date. *See id.* The delay in determining his sentence as to that count did not affect the commencement of the limitation period as to the other counts. *See id.* at 661 n.1. Similarly, Cummings was convicted of two counts, but the sentence as to the second count was not finally determined until a later date. The district court did not err in concluding that the limitations period as to the conviction for the first count began to run on the date when the time for seeking direct review of the 2001 judgment expired. *See id.*; § 2244(d)(1)(A). The judgment is

AFFIRMED.