# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2013

Lyle W. Cayce
Clerk

No. 12-31183
Summary Calendar

JERROD D. JOHNSON,

Petitioner-Appellant

v.

TIM KEITH, Warden, Winnfield Correctional Center,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2134

Before CLEMENT, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jerrod D. Johnson, Louisiana prisoner # 542543, moves for a certificate of appealability (COA) so that he may appeal the district court's dismissal of his 28 U.S.C. § 2254 application as time barred. He was convicted of three counts of armed robbery with a firearm.

Johnson is entitled to a COA if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). That is, Johnson must establish that reasonable jurists

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would find the decision to deny relief debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), or that the issues he presents deserve encouragement to proceed further, *see Miller-El*, 537 U.S. at 327.  Because the district court did not reach the merits of Johnson's claims, we will grant a COA only if reasonable jurists would debate whether the district court's time-bar ruling is correct and whether Johnson has stated a valid claim that he was denied a constitutional right.  *See Slack*, 529 U.S. at 484; *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*'s two-prong requirement when the district court denies relief on procedural grounds).

The federal limitations period does not begin to run until both the conviction and sentence have become final.  *Scott v. Hubert*, 635 F.3d 659, 664-65 (5th Cir. 2011).  The Louisiana appellate court affirmed Johnson's convictions. However, it also remanded the case for resentencing.  It is unclear from the record when Johnson was resentenced and whether he appealed the new sentences.  Because it cannot be determined from the record when the time for seeking direct review of Johnson's sentences expired, it cannot be determined when the judgment became final for the purpose of addressing whether his § 2254 application is timely.  *See id.* at 666.  Accordingly, reasonable jurists would debate the correctness of the district court's ruling that the § 2254 application is time barred.  *See Slack*, 529 U.S. at 484.  Johnson raised valid claims of constitutional deprivation in his § 2254 application, including claims of ineffective assistance of counsel.  We express no view on the appropriate resolution of these claims and observe only that Johnson has made a showing sufficient to warrant a COA.  *See Gonzalez*, 132 S. Ct. at 648-50; *Houser*, 395 F.3d at 562.  Accordingly a COA is GRANTED as to the district court's decision to dismiss the § 2254 application as untimely.

The district court must resolve the factual question of when Johnson's sentence became final, which is not evident from the record before us, and thus further briefing on this issue before this court would not be helpful.  Accordingly,

the judgment is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). Johnson's motion for leave to file a supplemental brief is DENIED.