# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2127

_____

Robert Dinkins

*Plaintiff - Appellant*

v.

Correctional Medical Services; John Does, Medical Doctors; State of Missouri;
Missouri Department of Corrections; Phillip Lange; Morgan Logan

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: December 10, 2013
Filed: February 25, 2014
[Published]

_____

Before MURPHY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Robert O. Dinkins appeals the district court's dismissal of his
action. This court affirms in part, reverses in part, and remands for further
proceedings consistent with this opinion.

Dinkins sued the State of Missouri, the Missouri Department of Corrections (MDOC), Correctional Medical Services (CMS), unnamed medical doctors, and Jefferson City Correctional Center officers Philip Lange and Morris Logan in their official and individual capacities. Dinkins asserted that defendants violated section 504 of the Rehabilitation Act of 1973 (RA) and Title II of the Americans with Disabilities Act (ADA). Liberally construing the complaint, Dinkins alleged that in late 2004 he started experiencing blackouts, weakness and difficulty walking. Despite his written medical requests, MDOC and CMS did not properly examine him for six months. Before he was eventually diagnosed with pernicious anemia, CMS and MDOC failed to use medication to slow the disease. Dinkins was paralyzed from the waist down by April 2006. His condition continued to deteriorate as of 2010. He was denied assignment to the Transitional Care Unit. He was placed in administrative segregation without a wheelchair or handicap access, forcing him to crawl and to eat meals on the floor. He requested other accommodations that were not granted by defendants–such as someone to push his wheelchair, a handicapped-accessible cell, medically prescribed physical therapy, preventative treatment, examination by an outside specialist, wheelchair accessories, and exemption from activities requiring exposure to cold. The lack of accommodations caused him to miss meals, fall several times in his cell, be placed on strip-cell status, and be unable to move around his cell without hitting the toilet or walls.

This court affirms the dismissal of the individual-capacity claims against Lange and Logan. They cannot be sued in their individual capacities under the ADA or the RA. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (RA); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc) (ADA). This court also affirms the dismissal of the claims against the medical doctors and CMS, as those claims were based on medical treatment decisions–including not properly diagnosing and treating Dinkins's pernicious anemia–which cannot form the basis of a claim under the RA or the ADA. *See Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (per curiam).

Some of Dinkins's claims, however, do not appear to be based on medical treatment decisions. His alleged denials of meals and adequate housing by reason of his disability can form the basis for viable ADA and RA claims. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (recreational activities, medical services, and educational and vocational programs at state prisons are benefits within the meaning of ADA); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (meals and showers made available to inmates are programs or activities under the RA). His allegation that he was denied physical therapy could form the basis for a viable claim if the therapy was medically prescribed. Thus, this court reverses the dismissal of claims for injunctive relief against Lange, Logan, the State of Missouri and MDOC that were not based on medical treatment decisions. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (official-capacity claims are just another way of pleading the action against the State); *Randolph v. Rogers*, 253 F.3d 342, 348 (8th Cir. 2001) (permitting claims for prospective injunctive relief against a state official sued in official capacity under ADA and RA); 42 U.S.C. § 12202 (ADA statute abrogating state sovereign immunity provides that "remedies (including remedies both at law and in equity) are available"); 42 U.S.C. § 2000d-7(a)(2) (same for RA).[1]

As to the request for damages, the MDOC waives sovereign immunity under the RA by accepting federal funds. *See Jim C. v. United States*, 235 F.3d 1079, 1080 (8th Cir. 2000) (en banc). Title II of the ADA abrogates both the State of Missouri's and the MDOC's immunity for conduct that actually violates the Fourteenth

---

[1] Because the State of Missouri and the MDOC failed to argue whether the ADA's and the RA's abrogation of state sovereign immunity in a lawsuit for injunctive relief is constitutional under the Eleventh Amendment, this court does not address the issue. *See Klingler v. Dir., Dep't of Rev.*, 433 F.3d 1078, 1080 (8th Cir. 2006) (permitting injunctive relief against the state of Missouri while explaining that "Missouri, having abandoned its constitutional arguments, advances only one defense to plaintiffs' claims").

Amendment. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) (Fourteenth Amendment Due Process Clause incorporates Eighth Amendment guarantee against cruel and unusual punishment). The damages claims against the State of Missouri and the MDOC under the ADA, and against the MDOC under the RA are remanded also because some of defendants' alleged behavior could violate the Eighth and Fourteenth Amendments. *See, e.g.*, *Simmons v. Cook*, 154 F.3d 805, 807-09 (8th Cir. 1998) (upholding damages award for Eighth Amendment violation where paraplegic inmates missed four consecutive meals because their wheelchairs could not maneuver to door where food tray was placed, and were unable to eliminate bodily waste because they were denied necessary assistance); *LaFaut v. Smith*, 834 F.2d 389, 392-94 (4th Cir. 1987) (failure to ensure that mobility-impaired inmate had accessible toilet facilities and physical therapy violated Eighth Amendment).

This court affirms the district court's dismissal of the unnamed medical doctors and CMS, and the individual-capacity claims against Lange and Logan; reverses the dismissal of the injunctive claims against the state defendants that were not based on medical treatment decisions; reverses the dismissal of damages claims against the State of Missouri and the MDOC; and remands for further proceedings consistent with this opinion. Dinkins's appellate motions are denied.

_____